[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15294
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-60614-KAM; 0:96-cr-06208-WJZ-3


CLIVE WILSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Clive Wilson, a native and citizen of Jamaica, appeals the denial of his pro

se petition for a writ of error coram nobis to vacate his conviction for conspiring to

possess with the intent to distribute cocaine.  See 28 U.S.C. § 1651.  After Wilson completed his sentence for his drug crime, he petitioned to vacate his conviction on the basis that trial counsel was ineffective, under Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), for misadvising him that his plea of guilty would not subject him to deportation.  The district court denied Wilson's petition on the ground that Padilla did not apply retroactively on collateral review.  We affirm.

The district court did not abuse its discretion by denying Wilson's petition. Wilson's argument for relief is foreclosed by the recent decision of the Supreme Court in Chaidez v. United States, 568 U.S.____, 133 S. Ct. 1103 (2013).  In Chaidez, the Court held that Padilla announced a new rule, which "under the principles set out in Teague v. Lane, 489 U.S. 288[, 109 S. Ct. 1060] (1989),  . . . does not have retroactive effect."  133 S. Ct. at 1105.  Because Wilson's conviction became final before Padilla, he "cannot benefit from its holding."  Id. at 1113. Wilson also argues, for the first time on appeal, that his counsel was ineffective for failing to negotiate an agreement to prevent him from being deported, but we decline to consider an argument that Wilson failed to present to the district court. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

We **AFFIRM** the denial of Wilson's petition for a writ of error coram nobis.

2